IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CAMILLA DICE VERCELLI,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 442, 2019 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| JACOB LIGOTTI, | § | File No. CK16-01278 |
| | § | Petition No. 18-26309 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2019
Decided: December 4, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 4th day of December 2019, it appears to the Court that:

(1)    The appellant filed this appeal from a child support order. The order, dated September 26, 2019, was entered by a Family Court Commissioner.

(2)    On October 22, 2019, the Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed based on this Court's lack of jurisdiction to consider an appeal from a Commissioner's order. In response to the notice, the appellant states that she is proceeding *pro se* with the help of a friend from church and is unfamiliar with the law. She also states that she could

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

not appeal from the Commissioner's order to a Family Court judge within the time period established by Family Court Civil Rule 53.1 because she was ill and in the hospital during a portion of the ten days following the entry of the Commissioner's order and the person assisting her was out of town during that time.[2]

(3)     The appellate jurisdiction of this Court over civil proceedings in the Family Court is limited to decisions issued by the judges of the Family Court.[3] Under 10 *Del. C.* § 915(d) and Family Court Civil Rule 53.1(a), a party's right to appeal from a Commissioner's order is to a judge of the Family Court.  Whether interim or final, an order issued by a Commissioner is not a final judgment for purposes of appeal to this Court.[4]  This Court lacks jurisdiction to consider this appeal, and an appellant's *pro se* status does not excuse a failure to comply with the jurisdictional requirements.[5]  With respect to the appellant's statements about her illness, we note that the appellant filed her notice of appeal within the thirty-day

---

[2] Although the appellant argues that she could not appeal the Commissioner's order within ten days, Family Court Civil Rule 53.1(b) provides thirty days for an appeal to a Family Court judge from a Commissioner's order.

[3] *See* 10 *Del. C.* § 1051 ("From any order, ruling, decision or judgment of the [Family] Court in any civil proceeding ... there shall be the right of appeal as provided by law to the Supreme Court."); *Redden v. McGill,* 549 A.2d 695, 697-98 (Del. 1988) (holding that the Supreme Court's appellate jurisdiction over civil proceedings in the Family Court authorized by the predecessor to Section 1051 "is limited to orders, rulings, decisions or judgments of the judges of that Court" and does not extend to findings and recommendations of masters).

[4] *Redden*, 549 A.2d at 697-98.

[5] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019).

period provided for an appeal to a judge of the Family Court under Family Court Civil Rule 53.1(a).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED. The appellant's motion for appointment of counsel is moot.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice